UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| JAMES R. McCLANAHAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 05-390-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff James McClanahan and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 9, 10] Through this action, McClanahan seeks to reverse the decision of an administrative law judge ("ALJ"), concluding that he was not entitled to disability insurance benefits or supplemental security income. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by McClanahan.

**I.   BACKGROUND**

The Claimant filed an application for disability insurance benefits and supplemental security income on March 7, 2003. After this application was denied, McClanahan requested a hearing before an ALJ. Following this administrative hearing, and the ALJ denied McClanahan's application for benefits on August 15, 2005. The Claimant then requested review

by the Appeals Council. However, the request was denied, making the ALJ's decision the final decision of the Commissioner. This appeal followed.

McClanahan was 36 years old at the time he filed his claim for disability insurance benefits and supplemental security income. He has a 7th grade education and has held jobs as a laborer and custodian. McClanhan claims that he has been disabled since July 31, 2002, due to chronic lumbar spine strain and borderline intellectual functioning. The ALJ found McClanahan's allegations not totally credible, but determined that even if true they did not meet the criteria for a compensable disability under 20 C.F.R. §404.

Based on the medical evidence in the record, the ALJ determined that McClanahan possesses the residual functional capacity ("RFC") to perform medium work with only moderate mental limitations. (Tr. 374-375) After presenting these limitations to the Vocational Expert, the ALJ determined that McClanahan was capable of performing a significant number of jobs in the regional economy. *Id.*

## II.    LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.

First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b), 416.920(b) Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is not engaged in substantial gainful employment

and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents his from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Hilton*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Secretary of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Hilton*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Secretary of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's

demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Secretary of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Secretary of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### III.     ANALYSIS

McClanahan's sole argument is that the ALJ erred by failing to re-contact his treating physician, Dr. Hazeltine. However, the record indicates that the ALJ discounted Dr. Hazeltine's opinion regarding McClanahan's physical capacity because it was inconsistent with the weight of other medical testimony. Specifically, Dr. Hazeltine's own notes indicate that McClanahan's mild symptoms were already improving under medication. (Tr. 15)

McClanahan argues that the ALJ should have recontacted Dr. Hazeltine to "obtain additional information and clarification of [Dr. Hazeltine's] treatment notes." [Record No. 9, pg. 4] With respect to this issue, title 20 C.F.R. Section 404.1512(e) provides, in relevant part, that:

> Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is *inadequate* for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical

>source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

(emphasis added).

There is a difference between *inadequate* information upon which to base a decision, and the unsupported assertion that there might be other medical evidence. In the event of the former, the ALJ would be required to re-contact the treating physician. However, the Claimant's allegations in this case fall into the latter category. There was sufficient medical evidence in the record to support the ALJ's conclusion, especially where the ALJ relied on the doctor's own progress notes. (Tr. 14-19)

Substantial evidence in the record supported the ALJ's decision to reject Dr. Hazeltine's disability determination. Thus, 20 C.F.R. §§ 404.1512(e) and 416.912(e) did not apply because there *was* sufficient evidence in the record for the Commissioner to determine whether McClanahan was disabled. There was no conflict or ambiguity in Dr. Hazeltine's report that required clarification. Rather, the problem with his report was its lack of objective evidence to support the claims and its inconsistency with the record.

Further, a Social Security Claimant is required to provide proof of his disability. 20 C.F.R. § 416.913(c). When the Claimant does not present all of the evidence to the Commissioner, the Commissioner makes his determination based upon the available information. 20 C.F.R. § 416.916. "It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If McClanahan wished to have the ALJ consider *other* evidence from Dr.

Hazeltine, he should have provided it. However, he has not identified what evidence was lacking from the record before the ALJ. Instead, he has attempted to use an unrelated provision of the Code of Federal Regulations to require remand in search of information: (1) he cannot even identify and (2) assuming such evidence exists, he was required to provide without assistance from the Commissioner.

## IV.  CONCLUSION

The ALJ considered Dr. Hazeltine's disability determination and properly discounted it. Substantial evidence in the record supported this conclusion. For the reasons discussed herein, it is **ORDERED** as follows:

(1) Plaintiff James R. McClanahan's Motion for Summary Judgment [Record No. 9] is **DENIED**;

(2) The Defendant Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**;

(3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 10th day of May, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge